Tucker, P.
Both decrees in this case are palpably T . ..... , erroneous. 1 do not concur m the objection to the as-, sumption of jurisdiction, being satisfied with the affidavit of Stewart as to the loss of the bond; for though it was not filed with the bill, it is one of those defects, which, I think, may well be supplied in the progress of the cause, where there has been no demurrer to the bill for want of it. But upon the pleadings and proofs, Stewart was entitled to no decree against either defendant.
1. As to Thornton. He confesses the bond, but alleges it was given for land, the title of which is imperfect. Both facts appear .from the answer of Scruggs, the vendor of Thornton, and the assignor of Stewart; but Scruggs goes on to say, that Thornton took the risque of title, and had enjoyed uninterrupted possession. Both these allegations are of new and independent matter, which cannot be taken as true until proved. Moreover, the bill itself states, that Scruggs knew the consideration of the bond was insufficient, and therefore refused to do any thing for its recovery. Here, then, is sufficient to protect Thornton, unless by other evidence a new aspect should be given to the'case. 2. As to Scruggs: he admits the transfer of the bond to Stewart, for a consideration which is not proved to have been paid, nor has Stewart proved any other consideration. No decree therefore could go against Scruggs, even though Stewart failed against Thornton.
The matters stated in Stewart's answer to the bill of review, are entirely new; and it is quite an anomaly, oh a bill of review for error upon the face of the proceedings, to introduce by way of answer, new facts and hew grounds of demand, not stated or appearing in the .cause sought to be reviewed.
I am clear, therefore, that both decrees must be reversed. What then should be done ? Should Stewart's bill be dismissed ? I think not. That cause should go *135 back, and an issue should be directed to try the matters litigated between Scruggs and Thornton, relative to the bond.
The other judges concurred. Both decrees reversed with costs; and the court proceeding to enter such decree as ought to have been entered on the bill of review, directs that the decree in the original cause be reversed and annulled, and that the cause be remanded for further proceedings, according to the principles here declared.